In the Matter of the Application of NATHAN BENSKY, Appellant, for a Peremptory Mandamus Order against WILLIAM J. DEEGAN, as Tenement House Commissioner of the City of New York, and Another, Respondents.

First Department, April 10, 1931.

*William A. Blank* of counsel [*William Gitelman* with him on the brief], for the appellant.

*Henry J. Shields* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent William J. Deegan, as tenement house commissioner, etc.

*Abraham Wilson,* for the respondent Park View Towers, Inc.

PER CURIAM. The defendant Park View Towers, Inc., owner of premises No. 35 McClellan street, The Bronx, filed plans in the office of the tenement house department for the erection of a six-story non-fireproof tenement house. The application accompanying the plans contained the following:

" Q. 25. Will there be a pent house on the roof? A. Yes.

" Give dimensions, height and area. A. 18′ 9″ x 31′ 1″ x 12′ high, area 581.4 sq. ft."

The plans were disapproved by the tenement house department, one of the objections being stated as follows:

" #4 pent house and water closet compartment on roof of non-fireproof tenement shall not be permitted, Section 51 of the Tenement House Law.\*   Correct plans and answer question 25 in application accordingly."

" #6 superstructure shown on roof shall not exceed ten feet in height or exceed in aggregate area 10% of area of roof — note, see height of building and width of yard."

Thereafter the applicant filed an application for an amendment to the plans containing the following:

" 25.   Yes.   No.

" 18' 9" x 31' 1" x 10 excluding parapet of 12".   \*   \*   \*

" 4. Reconsideration is requested permitting pent house and water closet compartment on roof."

" 6. Reconsideration is requested permitting pent house to occupy area as shown and height as shown, 10'."

The change requested in the application for amendment of the plan was approved by the tenement house department, the memorandum reading:

" #6. Change to 10% area and only 10' high.

" Signed, DEEGAN."

The plans filed were for a building which was clearly in violation of the law and were, therefore, properly rejected by the tenement house department for the reason stated.   The first application in answer to question 25, " Will there be a pent house on the roof?" was answered, " Yes."   The plans were refiled and in answer to the same question 25 we find the answer to be " No."

The dimensions given for this pent house in the first application were eighteen feet, nine inches by thirty-one feet, one inch by twelve feet high and the area five hundred and eighty-one and four-tenths square feet.   The dimensions in the refiled plans are eighteen feet, nine inches by thirty-one feet, one inch by ten feet excluding parapet wall of twelve feet.   The refiled plans were approved by the department.

If the plans first filed were properly rejected by the tenement house department it is difficult to see how they could have been approved when refiled.   Those responsible for such approval should be given an opportunity on a trial of the issues to establish the fact that the construction of such a non-fireproof building is proper.

The statutes applicable to this case were evidently intended to

---

\* Amd. by Laws of 1926, chap. 176. See Multiple Dwelling Law, §§ 14, 211.— [REP.

prevent the construction of buildings which, in case of fire, might endanger the lives of those residing therein. The pent house in question is shown in the photographs annexed to the record on appeal. A glance at these photographs will convince any one that this structure on top of this six-story building is a very substantial addition to the building.

The order denying a peremptory order of mandamus or other relief should, therefore, be reversed, with ten dollars costs and disbursements, and an alternative order of mandamus granted. The order striking out certain allegations under rule 103 of the Rules of Civil Practice should also be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and O'MALLEY, JJ.

On appeal from order entered on October 30, 1930: Order reversed, with ten dollars costs and disbursements, and an alternative order of mandamus granted. Settle order on notice.

On appeal from order entered on November 13, 1930: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.