THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHAN
J. BENSKY, Appellant, *v.* WARDEN OF THE CITY PRISON
et al., Respondents.

(Argued November 16, 1931; decided January 5, 1932.)

William A. Blank and William Gitelman for appellant. The statements of the relator were absolutely privileged. (Dada v. Piper, 41 Hun, 254; Moore v. Manufacturers Nat. Bank, 123 N. Y. 426; Chapman v. Dick, 188 N. Y. Supp. 861; 197 App. Div. 551; Youmans v. Smith, 152 N. Y. 221; Sickles v. Kling, 60 App. Div. 515; Warner v. Paine, 4 N. Y. Super. Ct. 195.) The language used in the petition is not libelous per se. The explanation accompanying the conclusions of the relator makes the words used not actionable. (Dempsey v. Paige, 4 E. D. Smith, 218; Quinn v. O'Gara, 2 E. D. Smith, 388; Dixson v. Phillips, 51 N. Y. Super. Ct. 162; Bannon v. Cleary, 6 N. Y. St. Repr. 36; Phillips v. Baker, 7 Wend. 439; Hayes v. Ball, 72 N. Y. 418; Trimbale v. Foster, 87 Mo. 49; Wing v. Wing, 66 Me. 76; Barnes v. Crawford, 115 N. C. 76; Carmichael v. Shiel, 21 Ind. 66; Allen v. Hillman, 12 Pick. 101.)

Charles B. McLaughlin, District Attorney (Sol. Boneparth and Herman J. Fliederblum of counsel), for respondents. The libelous statements contained in relator's petition are not privileged. (Moore v. Manufacturers Nat. Bank, 123 N. Y. 420; Gilbert v. People, 1 Den. 41; Lesser v. International Trust Co., 175 App. Div. 12; Union Mut. Life Ins. Co. v. Thomas, 83 Fed. Rep. 803; Byam v. Collins, 111 N. Y. 143; People ex rel. Adam v. Woodbury, 88 App. Div. 443; People ex rel. Harris v. Commissioners, 149 N. Y. 26.) The language used in the petition for mandamus is libelous per se. (Littlejohn v. Greeley, 13 Abb. Pr. 41; Burnham v. Hornaday, 130 Misc. Rep. 207; Ben-Oliel v. Press Pub. Co., 251 N. Y. 250; Mildenberger v. Fleming, 131 Misc. Rep. 919; 223 App. Div. 814; O'Shaughnessy v. Morning Journal Assn., 71 Hun, 47.)

HUBBS, J. Park View Towers, Inc., filed plans in the office of the Tenement House Department of the borough

of Bronx, in the city of New York, for the erection of a six-story, non-fireproof tenement house. The building described in the plans was erected and the owner filed an application for a certificate of occupancy as required by law. The certificate of occupancy was issued and the owner rented the building to tenants who occupied it. The appellant, feeling aggrieved, filed a petition in the Supreme Court for a peremptory mandamus directing William J. Deegan, Tenement House Commissioner, to revoke the certificate of occupancy. The petition alleged that the certificate was issued in violation of law. It set forth that the petition of the owner for a certificate of occupancy disclosed that the building did not comply with the Tenement House Law (Cons. Laws, ch. 61) and that the owner was not entitled to a certificate of occupancy because the building was constructed in violation of law in the particulars enumerated in the petition. It also alleged: " That by means of a corrupt, illegal and improper agreement by and between the defendant owner of said building * * * " and " William J. Deegan, Tenement House Commissioner, his deputies and subordinates, the defendant (owner) was permitted to habitate and was granted a certificate of occupancy for the said building, all in violation of law."

The defendant Tenement House Commissioner moved under the Rules of Civil Practice, rule 103, to strike out of the petition the words " corrupt, illegal and improper agreement." The motion was granted on the ground that the words were scandalous, irrelevant, redundant, unnecessary and impertinent. A motion was then made to dismiss the petition which was also granted. Both orders were reversed by the Appellate Division (*Matter of Bensky* v. *Deegan*, 232 App. Div. 86), and an alternative order of mandamus was granted. Before the decision in the Appellate Division, Commissioner Deegan filed a complaint in the City Magistrates' Court, charging the appellant with criminal libel, in violation of section

1340 of the Penal Law. The complaint alleges that the words " by means of a corrupt, illegal and improper agreement," contained in the petition in the mandamus action were false and libelous, that they were published willfully and feloniously, with intent to injure the complainant in his business and occupation. After a hearing the City Magistrate committed the defendant and he was taken into custody by the Sheriff. He then instituted this proceeding for a writ of habeas corpus. The proceeding was dismissed at the Special Term and the dismissal was affirmed by the Appellate Division.

It is urged by the appellant that the allegations contained in the petition in the mandamus action were privileged communications, and, therefore, that he has not been guilty of the crime of publishing a libel.

The publication of a libel in violation of section 1340 of the Penal Law is deemed to be malicious " if no justification or excuse therefor is shown " (§ 1342). It is justified " when the matter charged as libelous is true, and was published with good motives and for justifiable ends." It is excused when it is honestly made, in the belief of its truth and upon reasonable grounds for such belief, and consists of fair comments upon the conduct of a person in respect to public affairs. (Penal Law, § 1342.)

In addition to the defenses of justification and excuse to a prosecution for libel, there is a third defense, i. e., that the publication was privileged. (Penal Law, § 1350.)

In England counsel engaged in an action or proceeding before a court of competent jurisdiction and the parties to such litigation possess an absolute privilege from liability to an action for libel or slander based upon anything they may say or publish in the course of such litigation. It makes no difference whether the language used was material or relevant. It is deemed to be against public policy to permit a cause of action to be based upon it. If it relates to the cause before the court it is absolutely privileged. In *Munster* v. *Lamb*

(11 Q. B. D. 588) the court assumed that the words used were defamatory, used maliciously, without justification, and were irrelevant. Nevertheless, BRETT, M. R., said: " With regard to counsel, the questions of malice, *bona fides*, and relevancy, cannot be raised; the only question is, whether what is complained of has been said in the course of the administration of the law. * * * No action of any kind, no criminal prosecution, can be maintained against a defendant, when it is established that the words complained of were uttered by him as counsel in the course of a judicial inquiry, that is, an inquiry before any court of justice into any matter concerning the administration of the law " (p. 605).

All statements contained in documents and pleadings necessary to such a court proceeding are absolutely privileged upon the ground of public policy. (1 Russell on Crimes and Misdemeanors [9th ed.], p. 1005; Odgers on Libel and Slander [6th ed.], p. 191; Halsbury's Laws of England, vol. 18, p. 682.)

The English doctrine has not been adopted in this country to its full extent but has been limited so that statements made in the course of a judicial proceeding in order to be privileged, must be material and pertinent to the questions involved. (*Gilbert* v. *People*, 1 Den. 41; *Hastings* v. *Lusk*, 22 Wend. 410.)

In applying the principle announced in the older decisions our courts have been careful not to give it a narrow or strict construction. They have consistently held that if the alleged defamatory words used by counsel or a party in the course of a judicial proceeding may possibly be pertinent they are privileged. It is only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion that the privilege is lost. The underlying principle governing the courts of England and our own courts is that the proper administration of justice depends upon freedom of conduct on the part of

counsel and parties to litigation. " This tends to promote an intelligent administration of justice. To secure this is of much greater importance than to prevent the evils arising from reflections cast upon parties or witnesses." (*Marsh* v. *Ellsworth,* 50 N. Y. 309, 312; *Youmans* v. *Smith,* 153 N. Y. 214; *Laing* v. *Mitten,* 185 Mass. 233.)

If a publication is privileged as to counsel it is privileged as to his client and the converse is true. (*Youmans* v. *Smith, supra,* at p. 219; *Andrews* v. *Gardiner,* 224 N. Y. 440, 446.)

The determination of the question of privilege is a question of law, and if it be determined that the language used was not impertinent, the privilege is absolute. (*Sickles* v. *Kling,* 60 App. Div. 515; *Andrews* v. *Gardiner, supra,* at p. 446; *Byam* v. *Collins,* 111 N. Y. 143, 150.)

It cannot reasonably be said that the words used by the appellant in the petition in the mandamus proceeding were not by any possibility pertinent or that they were so clearly impertinent and needlessly defamatory as not to admit of discussion. The petition prayed for an order of mandamus. The granting of the order rested in the sound discretion of the court. Any allegation which appellant or his counsel could possibly have believed would tend to influence the court to grant the order cannot be said to be impertinent beyond any question.

The right to an order of peremptory mandamus was not a matter of strict legal right. It might have been refused if the court felt that the violation of the law charged was unsubstantial or merely technical, that it was the result of oversight or mistake and had not resulted in any public harm.

The appellant might have believed that the court's discretion would be more readily moved to grant the relief prayed for, if it were informed that the granting of the certificate of occupancy was the result of a corrupt agreement rather than of an innocent mistake. It is not necessary to decide that such considerations should

influence the discretion of courts. It is sufficient if the appellant, under the circumstances, believed that the language would have a tendency to move the court's discretion to grant the relief asked.

The order of the Appellate Division and that of the Special Term should be reversed, and the relator discharged.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders reversed, etc.