ADAM FRANK, Respondent, *v.* FRANK C. ZUCH and Another, Appellants.

First Department, February 2, 1934.

*Samuel W. Eskowitz*, for the appellant Frank C. Zuch.

*Samuel Marion*, for the appellant Atlas Fence Company.

*Lyman Stansky*, for the respondent.

TOWNLEY, J.  Plaintiff has sued for damages claiming that libels were uttered by the defendants Zuch and Atlas Fence Company in a bill of complaint and an affidavit directed to the Court of Chancery in the State of New Jersey.  The defendant Atlas Fence Company had sold and installed a wire fence for the West Ridgelawn Cemetery. The debt was not paid and the proceeding in question was brought in New Jersey for the appointment of a receiver to conserve the assets of the West Ridgelawn Cemetery.  A receiver was appointed. The receivership was vacated on appeal but a receiver was later appointed for reasons not apparent from this record.  Concededly, certain charges were made in the complaint and the affidavit in the New Jersey action, concerning plaintiff's acts as president of the cemetery corporation.  A plea of privilege was set up as a defense to the instant action.  On the trial an amendment was offered to plead justification also.  Owing to defendants being unprepared with necessary witnesses and the court's refusal to grant an adjournment, the plea of justification was not established to the satisfaction of the learned trial court.

To support the plea of privilege, it was necessary to establish that the remarks made in the complaint and affidavit in the New Jersey action were relevant to the relief prayed for.  To establish this defense, the defendants produced a transcript of the record in the New Jersey Court of Errors and Appeals entitled Atlas Fence Company v. West Ridgelawn Cemetery.  The record in another case in New Jersey, Bittles v. West Ridgelawn Cemetery, was also produced for the purpose of aiding in establishing the defense of justification.

At the time these records were produced, the following colloquy took place: " Mr. Marion [defendants' counsel]: Now, will counsel concede — stipulate that this is a correct transcript of the state of the case or record on appeal in an action in the New Jersey Court of Errors and Appeals, entitled Atlas Fence Company against West Ridgelawn Cemetery?  The Court: Mark it for identification. (Marked Defendant's Exhibit A for identification.)  The Court: Is there a like concession made with reference to the second record? Mr. Stansky [plaintiff's counsel]: Yes, but I do not concede its

relevancy. That is, to the both of them. The Court: Of course not, but it is an accurate record. You concede that? Mr. Stansky: Yes. This one and the first one, too. The Court: Mark it for identification. (Received and marked Defendant's Exhibit B for identification.) The Court: Now, as part of your case, you may read parts of it into the record."

No formal offer was made to have these records marked in evidence. But we believe that defendants' counsel was misled by the concession as to the genuineness of the documents into believing that they were before the court. If there were any doubt in his mind it must have been removed by a later colloquy referring to the Bittles judgment: " The Court: The entire record is conceded. You may read any part of it under the stipulation. Mr. Stansky: Your Honor, I do not concede its relevancy; I concede that is a record in this case only. The Court: I will pass upon its relevancy at the proper time."

Finally, at the end of plaintiff's case, the defendants' counsel made the following motion: "Mr. Marion: I move to dismiss on the ground that on the plaintiff's own testimony, it is apparent — The Court: Decision reserved. Mr. Marion: — that the statements complained of were made in a legal proceeding and that the allegations complained of were material to the issues in that case. The Court: Decision reserved." From the reservation of the decision indicated, it might well be assumed that the court felt that the New Jersey record was actually before it for consideration. However, no express ruling was ever made on this motion. At the end of the case the motion to dismiss the complaint was renewed. The court then denied the motion *in toto* and gave judgment for $1,000. No opinion was written.

We are unable to determine whether the learned trial court actually passed on the defense of privilege or not. In any event, we think that the reservation of the decision lulled the defendants' attorney into feeling that there was some evidence to prove the plea of privilege before the court. Assuming that the record was in evidence, an examination of the affidavit and complaint referred to clearly indicates that the alleged libelous matter was privileged as matter of law. It was held by the Court of Appeals in *People ex rel. Bensky* v. *Warden, etc.* (258 N. Y. 55) that the question of privilege is one of law and that the test of relevancy is satisfied if the defendant " under the circumstances, believed that the language would have a tendency to move the court's discretion to grant the relief asked." This test was satisfied.

We would unhesitatingly reverse this judgment and dismiss the complaint were it not for the grave doubt whether the learned trial

court actually did deem the record in evidence for the purpose of supporting the defense of privilege. In view of this doubt, we feel constrained merely to reverse and order a new trial.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.