ISIDOR WELS, Respondent, v. MAXWELL RUBIN, Defendant, Impleaded with JAMES F. EGAN, Appellant. (Appeal No. 1.)

ISIDOR WELS, Respondent, v. MAXWELL RUBIN, Defendant, Impleaded with JAMES F. EGAN, Appellant. (Appeal No. 2.)

First Department, June 24, 1938.

*E. Crosby Kindleberger* of counsel [*Emanuel Kintisch* with him on the brief; *Philip A. Paulson*, attorney], for the appellant.

*Isidor Wels*, respondent in person.

PER CURIAM. The defendant-appellant became a party to the Surrogate's Court proceeding in Kings county by voluntary appearance. That he was a proper party was established by the denial of the Kings county surrogate of a motion to strike out objections interposed by him.

The alleged libelous matter contained in the objections was, therefore, privileged, since it was undoubtedly pertinent and material. Special Term erred in holding that *all* of the official record must be presented when a defendant moves for summary judgment. All that is required is that the defendant, where his defense is founded upon documentary or official record, shall show facts establishing a defense *prima facie*. If he submits merely part of the record, it is within the province of the plaintiff to submit the remainder, if in his judgment he can thereby show facts sufficient to raise an issue as to the official record. The record and documentary proof here submitted by the defendant on his motion for summary judgment have not been shown to be untrue or inconclusive.

A party litigant has a wide latitude and there is no strict or narrow test to be applied with respect to his privilege in what he says in the course of the litigation. (*Lesser* v. *International Trust Co.*, 175 App. Div. 12; *Chapman* v. *Dick*, 197 id. 551; *Andrews* v. *Gardiner*, 224 N. Y. 440.) It was error, therefore, to deny defendant's motion for summary judgment.

While the allegations of defendant's answer are set forth in greater or less detail, under the circumstances here presented, especially where defendant is relying upon the defense of justification, we think the pleading was not subject to a motion to strike out under rule 103 of the Rules of Civil Practice. (*Dinkelspiel* v. *N. Y. Evening Journal Co.*, 91 App. Div. 96; *Stokes* v. *Star Co.*, 69 id. 21.) Furthermore, with respect to those portions of the amended answer complained of and which relate to the first cause of action, it would be futile to direct the service of a new pleading,

since that cause of action has been dismissed under rule 113 of the Rules of Civil Practice.

It follows, therefore, that the orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to strike out under rule 103 of the Rules of Civil Practice, denied, and defendant's cross-motion for summary judgment granted.

Present — O'MALLEY, TOWNLEY, GLENNON, DORE and COHN, JJ.; COHN, J., dissents and votes to affirm.

Orders reversed, with twenty dollars costs and disbursements, and motion to strike out under rule 103 of the Rules of Civil Practice, denied, and defendant's cross-motion for summary judgment granted.