Isidor Wels, Appellant, *v.* Maxwell Rubin, Defendant, and James F. Egan, Respondent.

Argued February 24, 1939; decided April 11, 1939.

*Isidor Wels*, appellant, in person. It is actionable libel, and not privileged, to say of a lawyer who is not a party to a judicial proceeding and against whom no claim or demand is made, that with his " aid, consent, advice and co-operation," a trustee of an estate withdrew and converted large sums of money, and that the attorney improperly represented both the trust estate and other parties dealing with it, when their interests were adverse. (*Moore* v. *Manufacturers Nat. Bank,* 123 N. Y. 420; *Davis* v.

*Crandall*, 101 N. Y. 311; *Battu* v. *Smoot*, 211 App. Div. 101; *Lesser* v. *International Trust Co.*, 175 App. Div. 12; *Anonymous* v. *Trenkman*, 48 Fed. Rep. [2d] 571; *Gilbert* v. *People*, 1 Den. 41; *Pecue* v. *West*, 233 N. Y. 316; *McLaughlin* v. *Cowley*, 127 Mass. 316; *California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 49; *Sherman* v. *International Publications, Inc.*, 214 App. Div. 437.)

*E. Crosby Kindleberger*, *Emanuel Kintisch* and *Philip A. Paulson* for respondent. The alleged libelous statements contained in respondent's objections were pertinent and material, and, therefore, absolutely privileged. (*Meinhard* v. *Salmon*, 249 N. Y. 458; *Magruder* v. *Drury*, 235 U. S. 106; *Jackson* v. *Smith*, 254 U. S. 586; *Gould* v. *Gould*, 108 Misc. Rep. 42; 203 App. Div. 807; *Pyle* v. *Pyle*, 137 App. Div. 568; 199 N. Y. 538; *Tracy* v. *Willys*, 45 Fed. Rep. [2d] 485; *Holman* v. *Ryon*, 56 Fed. Rep. [2d] 307; *Savage* v. *Gould*, 60 How. Pr. 217; *Link* v. *Moore*, 84 Hun, 118; 156 N. Y. 661; *Matter of Hyde*, 149 Misc. Rep. 291; *Matter of Gauthier*, 143 Misc. Rep. 788; *National Surety Co.* v. *Manhattan Storage Co.*, 185 App. Div. 733; 230 N. Y. 545; *Andrews* v. *Gardiner*, 224 N. Y. 440; *Lesser* v. *International Trust Co.*, 175 App. Div. 12; *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55.)

O'BRIEN, J. This is an action for libel. The defense is absolute privilege. On this appeal we are concerned only with the first cause of action. Defendant Rubin is not here represented. The parties before us are ,appellant Wels and respondent Egan.

The question of law is whether the matters alleged by defendant to be privileged are relevant and material. The alleged libelous statements occurred in the course of a proceeding before the Surrogate of Kings county relating to the settlement of the accounts of Francis E. Laimbeer, as executor and trustee under the will of Henry Grube. Defendant Egan, Public Administrator of New York county, was appointed by the Surrogate of New York county administrator of the estate of Henry Grube's brother, Herman,

which claimed an interest in the estate of Henry. Defendant Egan, represented by defendant Rubin as his attorney, filed objections to the accounts of Laimbeer. In these objections they stated that Laimbeer, as executor, wrongfully withdrew funds from the estate of Henry Grube and used them for his own purposes and that these unlawful practices by Laimbeer were accomplished by the aid, advice and co-operation of plaintiff Wels and his partners, who acted as attorneys for Laimbeer.

Defendant Egan moved under rules 113 and 114 of the Rules of Civil Practice for summary judgment dismissing the first cause of action. Special Term denied this motion, but the Appellate Division reversed, dismissed the first cause of action as against Egan, severed the action, and directed that plaintiff might proceed against Egan as to the second cause of action.

Wels was not a party to this proceeding in the Kings County Surrogate's Court and no relief was asked as against him. The relevancy or materiality of these assertions against him is difficult to discover. (*Moore* v. *Manufacturers Nat. Bank*, 123 N. Y. 420, 427.) The objections were directed against the accounts of Laimbeer, who was a party, and he would be liable for his misconduct, irrespective of advice of counsel.

The judgment of the Appellate Division should be reversed and the order of Special Term denying defendant's motion to strike out plaintiff's first cause of action affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.