ARMAND INSELBERG, Plaintiff, *v.* SIMON J. TROSTY, Defendant.

City Court of the City of New York, Special Term, New York County, September 11, 1947.

*Sol H. Sleppin* for plaintiff.

*Edgar G. Guidone* for defendant.

PARELLA, J. I feel that this matter falls within the purview of the decision of Mr. Justice VALENTE in *Baron* v. *Newgass* (N. Y. L. J., Feb. 3, 1934, p. 577, col. 4, affd. 241 App. Div. 857) in which the law of absolute privilege was extended to a letter written by counsel for one party to counsel for the other party seeking to obtain the withdrawal of service of papers, without the necessity of a motion, on the ground that if made the basis of a motion to vacate the service it would have been absolutely privileged.

The remarks complained of, had they been made orally in open court in connection with the action then pending would clearly have been absolutely privileged. It is equally clear that had the same remarks been incorporated into an affidavit submitted in connection with a motion in that action, they similarly would have been absolutely privileged. I can see no valid distinction between either of those situations and the case of

letters written in the course of a judicial proceeding. I hold that the statements complained of were pertinent and germane to the proceeding then pending, and that said letters were written in the course of a judicial proceeding.

In the recent case of *Zirn* v. *Cullom* (187 Misc. 241) Mr. Justice MILLER had before him a similar situation. In commenting upon the fifth cause of action in the pleading before him, as to which the facts are somewhat similar to those in the instant case, the court stated: " The fifth cause of action is based upon statements made by the attorney for the defendant partnership in a letter to plaintiff, in which said attorney concluded with the suggestion that if plaintiff cared to discontinue the action without costs and give a general release on or before a specified date, he would recommend defendants' acceptance. The statements in the letter, had they been made orally in open court, would clearly have been absolutely privileged. Even if the letter, as claimed by plaintiff, was spontaneous and not in response to any communication received from plaintiff or his attorney, as an offer of settlement its object was the protection and furtherance of the interests of the defendants in the action then pending. The declaration that the allegations of the answer had been established on the first trial and could be proved again was clearly pertinent to the attempt to induce plaintiff to discontinue and give a general release. It is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit. Thus ' The privilege extends to statements made to a solicitor when preparing the witness's proof, and also to letters passing between a solicitor and his client, written for the purpose of giving or obtaining advice.' (Odgers on Libel and Slander [6th ed.], p. 198). ' The same privilege exists as to statements made to a party and his solicitor in preparing the proof for trial.' (Newell on Slander and Libel [4th ed.], § 369, p. 401.) The only difference between the English rule and that obtaining in this State is that here the statements must be pertinent, while there is no such limitation in England (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55, 59, *supra*). The absolute privilege, under New York law, applies to all statements or utterances made in the course of a judicial proceeding, provided only that they are pertinent. The letter which forms the basis of the fifth cause of action is held to have been written in the course of a judicial proceeding."

The question of privilege is one of law (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55; *Frank* v. *Zuch,* 240 App. Div. 109, affd. 265 N. Y. 663). If the language used is determined to be not wholly impertinent to the cause, the privilege is absolute (*Byam* v. *Collins,* 111 N. Y. 143; *Andrews* v. *Gardiner,* 224 N. Y. 440; *People ex rel. Bensky* v. *Warden, supra*). Malice plays no part in absolute privilege (*Marsh* v. *Ellsworth,* 50 N. Y. 309).

In *Moore* v. *Manufacturers' Nat. Bank* (123 N. Y. 420, 426) the court said: " The public interests are sufficiently protected when the privilege is limited to communications which fairly ought to have been made, or in case of judicial proceedings to matters not wholly outside of the cause. But no strained or close construction will be indulged in to exempt a case from the protection of privilege."

Defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice is granted. The complaint is dismissed, and judgment may be entered accordingly.