ABRAHAM KANTOR, Plaintiff, *v.* FAWCETT PUBLICATIONS. INC., et al., Defendants.

Supreme Court, Special Term, New York County, January 11, 1949.

*Macdonald DeWitt* for defendants.

*Samuel Feuer* for plaintiff.

LEVY, J. Plaintiff has brought action upon an alleged libel published in the course of a judicial proceeding. Defendants have pleaded absolute privilege and now move to dismiss the complaint for insufficiency. The alleged libel is contained in an affidavit submitted before the Appellate Term in opposition to an application for reargument or for leave to appeal. Defendants urged as ground for denial that the application and others were the result of unprofessional conduct in that plaintiff had not acted in good faith but rather to harass and annoy. The statements contained in the affidavit constantly recur in papers submitted in judicial proceedings. The affidavit concluded: " In addition to denying this motion with costs, I submit it should be made plain to this young man that he should observe the ethics of his profession." This was a mere reiteration of what was already uttered. Plaintiff contends the arguments were wholly beyond the issues and beyond any reason or belief they were pertinent. Defendants rely on *People ex rel. Bensky* v. *Warden of City Prison* (258 N. Y. 55) which appears to be conclusive.

That involved an alleged libel published in the course of a judicial proceeding charging the tenement house commissioner with a " corrupt, illegal and improper agreement." The alleged libel in each instance affects the employment and profession of the person charged with misconduct and was published with the purpose of influencing determination of the court upon the matter under consideration. In the *Bensky* case (*supra*, p. 60) the Court of Appeals stated the mandamus order in the proceeding in which the alleged libel was published " might have been refused if the court felt that the violation of the law charged was unsubstantial or merely technical, that it was the result of oversight or mistake and had not resulted in any public harm.

" The appellant might have believed that the court's discretion would be more readily moved to grant the relief prayed for, if it were informed that the granting of the certificate of occupancy was the result of a corrupt agreement rather than of an innocent mistake ". More particularly, the court went on to say (pp. 60–61), " It is not necessary to decide that such considerations should influence the discretion of courts. It is sufficient if the appellant, under the circumstances, believed that the language would have a tendency to move the court's discretion to grant the relief asked." It cannot be said that the relevancy of the material used here is beyond the realm of discussion. In all the circumstances it is the opinion of the court that the complaint shows on its face that the matter is absolutely privileged. The motion is granted and the complaint is dismissed.