MATTHEW GILSON, Respondent, *v.* KNICKERBOCKER HOSPITAL, Appellant.

First Department, November 25, 1952.

*George F. Reid* of counsel (*Giddings, Keating & Reid,* attorneys), for appellant.

*Charles F. Preusse* of counsel (*O'Dwyer & Bernstien,* attorneys), for respondent.

CALLAHAN, J. The plaintiff brings this action for libel. It appears that on or about October 1, 1945, the plaintiff was severely injured, when struck by an automobile, and taken to the defendant Knickerbocker Hospital. On admission an entry was made in the hospital record to the effect that the plaintiff was "under the influence of alcohol."

The plaintiff instituted an action against the owner and operator of the automobile to recover damages for his injuries. He subpœnaed the hospital records to court, and they were delivered to the clerk of the part in which the plaintiff's negligence action was being tried. The plaintiff, however, did not introduce the records into evidence. They were offered by the defendant in the negligence suit and admitted into evidence by the trial court over the plaintiff's objection. The jury disagreed and a mistrial was declared. The action for personal injuries was thereafter settled between the parties.

Subsequently the plaintiff instituted the instant action for libel. The gravamen of his complaint is that upon his personal injury suit the defendant had maliciously, wantonly and recklessly permitted the release and publication of confidential medical records containing false and defamatory matter to the effect that he was under the influence of alcohol on admission to defendant's hospital.

The defendant has moved for summary judgment on the basis of a defense established prima facie by documentary evidence and official record. It submits in support of the motion the plaintiff's subpœna duces tecum in the earlier negligence action, pursuant to which the hospital records were produced in court, and extracts from the trial minutes relating to their admission into evidence. The moving affidavits in this case, plus the documentary evidence and official record, show that the publication alleged in the complaint was absolutely privileged. The entry in the hospital records related to the plaintiff's physical condition and was clearly pertinent or relevant to the issues in the negligence action. The defendant produced such records pursuant to the compulsion of judicial process and had no control over their introduction into evidence. Accordingly, the defendant's motion for summary judgment should have been granted and the complaint dismissed. (See *People ex rel. Bensky* v. *Warden of City Prison,* 258 N. Y. 55; *Andrews* v. *Gardiner,* 224 N. Y. 440; *Youmans* v. *Smith,* 153 N. Y. 214; *Moore* v. *Manufacturers' Nat. Bank,* 123 N. Y. 421; *Wels* v. *Rubin,* 254 App. Div. 484.)

The order denying defendant's motion for summary judgment should be reversed, with $20 costs and disbursements to defendant-appellant and the said motion granted. This disposition will make it unnecessary to consider defendant's appeal from the order directing its examination before trial. Accordingly, the appeal therefrom should be dismissed as academic.

PECK, P. J., VAN VOORHIS and BREITEL, JJ., concur.

Order denying defendant's motion for summary judgment unanimously reversed, with $20 costs and disbursements to the appellant and the said motion granted. This disposition makes it unnecessary to consider the defendant's appeal from the order directing its examination before trial. Accordingly, the appeal therefrom is dismissed as academic. Settle order on notice.