Aron Steuer, J.
In this action for defamation defendant is a referee in workmen’s compensation. In the course of a hearing on a claim he made certain remarks of an actionable nature concerning the plaintiff. In these remarks defendant said of plaintiff, a surgeon, that he performed an unnecessary operation on the claimant, that he used the claimant for experimentation and that plaintiff should not be paid for his services.
Defendant moves to dismiss on the ground that defendant’s remarks are privileged. Plaintiff disputes that there is any privilege and claims that should one exist it is so limited as not to apply. The last matter can be disposed of easily. Conceding a privilege it would apply to all remarks pertinent to the issue. The subject of inquiry was the claimant’s condition and whether it had necessitated the operation that was performed. Remarks on that subject were pertinent to the issue, as were questions of the value of the doctor’s services, on which point his having sent a bill would be relevant. In determining whether remarks are pertinent or gratuitous an absolute criterion is not feasible. The mere fact that every word uttered might not immediately bear upon the issues would not put it outside the protection of the privilege. In that connection plaintiff calls attention to the fact that the remarks are ill-bred and disclose a temperament singularly lacking in those elements which go to make up the ideal judge. The issue is not whether defendant is a gentleman nor even whether he is a good judge, but whether in this connection he is a judge at all.
We have seen that if there is a qualified privilege defendant’s utterances merit the protection of the privilege. The question remains whether one applies. Privilege extends to judicial or quasi-judicial officers but not to members of administrative boards or executive officers even in the course of hearings held by them. Defendant’s title “ referee ” does not aid the solution of the problem. A referee appointed by a court is undoubtedly a quasi-judicial officer. One appointed by a board may or may *167 not be depending on his functions and those of the board that appointed him. There is no decision relating to the specific position.
The Workmen’s Compensation Board, or at least that branch of it with which defendant is connected, passes upon claims of injured workmen against their employers. The method of determination is by way of adversary proceedings, though the procedure is more informal than in a traditional court of law and the rules of evidence are not adhered to strictly. Decision is the result of applying the appropriate provision of law to the facts that are found. Review by appeal to the courts is provided for. In this branch of its work the functions of the board are judicial and defendant is a quasi-judicial officer.
We are told, and rightly, that the judicial privilege is not to be extended. That is not to say that it should be abolished. In contemplation of legal philosophy the privilege has existed in referees in compensation since the creation of the office. The mere fact that it has not been the subject of prior announcement merely means that the occasion did not arise.
The motion is consequently granted.
A cross motion to strike out the Attorney-General’s appearance for the defendant on the ground that he is not authorized to appear for defendant is denied.