Morris E. Spector, J.
This is a motion by defendants under rule 113 of the Rules of Civil Practice to dismiss the complaint and for summary judgment. Plaintiffs allege that defendant O’Donnell uttered false and defamatory accusations at a meeting “ of all the interested parties ” held before, and by call of, a Referee in bankruptcy, regarding the estate of a debtor in an arrangement proceeding. Defendants assert, as the basis for this motion, an absolute and unqualified privilege, in that the statements “ were made during the course of the judicial proceeding which was then pending before the Referee and that such statements were material to the hearing.”
*462 It is conceded that the statements were made at a meeting called by the Referee, by letter dated January 30, 1957, held on February 1, 1957.
In order for defendants to be entitled to the defense of absolute privilege, the statement must be “ made in judicial proceedings, and pertinent thereto ” (Andrews v. Gardiner, 224 N. Y. 440, 445; People ex rel. Bensky v. Warden, 258 N. Y. 55). The privilege will not be applied to official and public proceedings which “ are not in substance judicial ” (Andrews v. Gardiner, p. 447, supra; Longo v. Tauriello, 201 Misc. 35). In Lipton v. Friedman (2 Misc 2d 165) Justice Steuer held that a hearing before a Workmen’s Compensation Board referee was judicial in nature because it was conducted as an adversary proceeding and bore most of the aspects of a trial. Wels v. Rubin (280 N. Y. 233) held that the inclusion in objections to an executor’s account of the names of persons not parties to the proceeding was not within the privilege, solely because they were not parties, were in no way concerned with the result and no relief was sought against them; the objections to the account, however, were in the course of judicial proceedings.
In the instant case, however, the plaintiffs were interested parties, as they were creditors of the debtor whose estate was being administered in the proceedings before the Referee. Inasmuch as the arrangement proceeding itself was by nature a judicial proceeding, many portions of which may involve all of the forms of a trial, proceedings in the Bankruptcy Court are judicial proceedings (Marsh v. Ellsworth, 50 N. Y. 309; Kraushaar v. Brand, N. Y. L. J., June 4, 1941, p. 2509, col. 1). The hearing was, as a portion of the arrangement proceedings in the United States District Court for the Southern District of New York, entitled to the cloak of privilege. (Baron v. Newgass, N. Y. L. J., Feb. 3, 1934, p. 577, col. 4, affd. 241 App. Div. 857; Inselberg v. Trosty, 190 Misc. 507.)
The plaintiffs’ brief points out that a bankruptcy referee is not a judicial officer. We do not pass upon this question, as the only requirement is that the proceedings be judicial. It should further be noted that the characterization of the proceedings as judicial is determined by the law of New York and that, while the Federal statutes provide a lesser privilege under subdivision (i) of section 44 of title 11 of the United States Code than the law of New York, it would not destroy the greater protection afforded by New York law. “ The proper administration of justice to which the court in the Bensky case referred as the justification for absolute privilege requires that there *463 shall be a complete disclosure of facts in a proceeding already pending in court by those in a position to make such a disclosure to the person intrusted with the conduct of the proceeding ” (Roberts v. Pratt, 174 Misc. 585, 588).
It should further be noted that the alleged slander was committed in the following manner at the meeting called by the Referee: The defendant 0 ’Donnell, the attorney for CromptonRichmond, a creditor of the debtor in possession, stated in substance that one creditor had received an illegal preference and the Referee asked him to name the creditor. Defendant O’Donnell inquired as to whether the Referee wanted the name “ privately or publicly ” and the Referee answered, “ publicly It was then that plaintiffs were referred to by name.
It is thus apparent that the statement was made in the course of a judicial proceeding. Indeed, it was made at the direction of the officer in charge of the proceeding, and was pertinent thereto. The statement was absolutely privileged.
Motion granted and complaint dismissed. Settle order.