■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMANUEL LESTER, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ BERNARD GOLDWATER, Respondent, v. MERCHANTS IMPORTING INC., et al., Appellants.— In this action, the plaintiff alleges that he was libelled by the defendants because in a complaint in an action by the corporate defendant against a bonding company, wherein it sought recovery under a bond protecting it for shortages resulting from the acts of dishonest employees, he was accused of being one of the employees so characterized and was specifically named in the bond. The defendants, claiming that the pleading upon which the libel is predicated is absolutely privileged, appeal from a denial of their motion to dismiss the first cause of action for legal insufficiency. Defamatory matter contained in a pleading or used in the course of a judicial proceeding, if relevant and pertinent to the issues, is absolutely privileged. It is only when the language used is clearly impertinent or beyond the scope of the issues involved that the privilege is lost. (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55; *Youmans* v. *Smith,* 153 N. Y. 214, 219; *Chapman* v. *Dick,* 197 App. Div. 551; 53 C. J. S., Libel and Slander, pp. 173–175.) The allegations in the pleading which the plaintiff asserts are defamatory are pertinent to the issues raised in that action. Under the circumstances, the defense of privilege is insurmountable. The order of Special Term is reversed on the law, and the motion to dismiss the first cause is granted, with costs to appellants. Concur — Botein, P. J., Breitel, M. M. Frank, Mc Nally and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID GORDON and DAVID GORDON & COMPANY. RONALD D. SAYPOL.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bastow, JJ.

■ In the Matter of the Dissolution of FINE SOUND, INC. ARTHUR M. LOEW et al., Appellants; SAMPSON R. FIELD, Respondent.— Motion granted to the extent of amending our order of April 1, 1958 to make provision for payment by petitioners of the fees and expenses of the receiver and his attorneys in accordance with the stipulation of January 31, 1958; and otherwise the motion is denied. Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ MAJOR BYRD v. NEW YORK CENTRAL RAILROAD COMPANY.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ HEADLEY C. WILSON v. NATHAN STRAUSS-DUPARQUET et al., and GAS CONSUMERS SERVICE.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Bergan, JJ.

■ ORESTE ABBAMONTE v. JENNIE ROSSITTO REALTY CORPORATION et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ ISADORE SILBERBERG et al., Individually and as Copartners Doing Business under the Name of EAGLE CONVERTING Co., et al., v. NATAICHI CORPORATION.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ In the Matter of MATTHEW J. LANGERT against CHARLES H. TENNEY, as Commissioner of Investigation of the City of New York.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.