RUBIN FELDMAN, Respondent, v. JOSEPH BERNHAM et al., Appellants.

First Department, November 25, 1958.

*William M. Ivler* of counsel (*Wray S. Fleming* and *William M. Ivler,* in person, attorneys for William M. Ivler; *Francis N. Pollack,* attorney for Joseph Bernham), for William M. Ivler and another, appellants.

*N. H. Elman* of counsel (*Nathan H. Elman, Gabriel Galef,* in person, and *Victor Jacobs,* attorneys), for Gabriel Galef and another, appellants.

*Rubin Feldman* for respondent.

*Per Curiam.* This is an appeal from an order denying defendants' motion to dismiss the complaint for insufficiency pursuant

to rule 106 of the Rules of Civil Practice or in the alternative to strike paragraph 17 of the complaint as sham, pursuant to rule 103 of the Rules of Civil Practice.

The action is in libel brought by plaintiff, an attorney, against three attorneys as defendants, and a fourth defendant, Bernham, a former client of the plaintiff. The complaint contains one cause of action consisting of 25 paragraphs.

Plaintiff, formerly the attorney for Bernham, is now counsel for one Chesner, doing business as Chesner Fur Co., in a separate action brought by Chesner Fur Co. against Bernham for fraud and deceit. The other defendants are attorneys for Bernham in that action.

In the course of the other action several motions and a cross motion were made. In support of the motions affidavits were prepared and executed by the defendants in their respective capacities as attorneys and party, which contained the alleged libelous matter. In brief, it was asserted in those affidavits that plaintiff violated the attorney-client relationship by revealing privileged and confidential communications and privileged matter learned and obtained while counsel to Bernham; that he instigated the Chesner action for an improper purpose; brought on an examination before trial for an improper purpose and is wrongfully withholding property belonging to others. The complaint in the instant action is based upon the language and assertions of the affidavits referred to.

Paragraph " 17 " of the complaint charged that the matter published concerning the plaintiff " was and is * * * wholly irrelevant and immaterial to the issues " in the Supreme Court action; and " was and is not pertinent nor germane " and is not privileged.

The question to be decided may be succinctly stated as follows: when and under what circumstances is language privileged in a judicial proceeding?

In New York the rule is that oral or written defamatory statements made by an attorney or a party in the course of judicial proceedings are privileged if the statements are material or pertinent to the issues involved. (*Andrews* v. *Gardiner*, 224 N. Y. 440; *Marsh* v. *Ellsworth*, 50 N. Y. 309, 311.)

It may be observed that while some American jurisdictions and England declare the privilege absolute (Odgers, Libel and Slander [6th ed.], p. 200; Gately, Libel and Slander, p. 186 *et seq.*), in New York the privilege will be lost if the libel is not pertinent.

Initially the plaintiff in his complaint must allege that the libelous matter is not pertinent to the judicial proceeding

(*Kahane* v. *Murdoch,* 218 App. Div. 591; Seelman, Libel and Slander, par. 401). Where the complaint states all of the facts necessary to determine the question of pertinency, it becomes a question of law to be resolved by the court where, as here, a motion is directed against the complaint. And this holds true without the necessity of the defendant interposing a defense. (*Garr* v. *Selden,* 4 N. Y. 91; *Chapman* v. *Dick,* 197 App. Div. 551; *Cohen* v. *Ellenville Lbr. Co.,* 4 A D 2d 976; *Goldwater* v. *Merchants Importing,* 6 A D 2d 777; but, cf., *Zefferer* v. *Campbell,* 3 A D 2d 856.) While our courts have held that the privilege is lost if the libel is not pertinent the scope of the privilege is so broad that it " embraces anything that may possibly be pertinent " (*Andrews* v. *Gardiner,* 224 N. Y. 440, 445, *supra*; *Youmans* v. *Smith,* 153 N. Y. 214, 219). Within the orbit of pertinency, where it is so found, the privilege is that of both attorney and client (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55).

The motions here comprehended an application for a stay in the one instance, and to open a default in the other. Under the circumstances it was essential that the grounds on which the relief sought was predicated, be set forth fully and at length so as to appeal to the court's discretion (*Cohen* v. *Ellenville Lbr. Co.,* 4 A D 2d 976, 977, *supra*).

Courts have inherent power to stay a proceeding where a former attorney of a party subsequently represents his adversary (*Watson* v. *Watson,* 171 Misc. 175; 7 C. J. S., Attorney and Client, § 48, p. 827 *et seq.*). Where it appears or is reasonably claimed that the information which forms the basis of the complaint in the other action was obtained or is being used in breach of a confidential attorney-client relationship the pertinency of the supporting allegations becomes obvious. We hold the matter complained of pertinent and therefore absolutely privileged.

In light of the determination that the complaint should be dismissed it is not necessary to discuss separately the determination as to paragraph " 17 ".

The order appealed from insofar as it denies the motion to dismiss the complaint pursuant to rule 106 should be reversed on the law and the motion granted, with costs to the appellants.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the motion to dismiss the complaint for insufficiency is granted and judgment is directed to be entered in favor of the defendants dismissing the complaint, with costs.