**Robert J. WOJCINSKI, Plaintiff,**

v.

**Arthur J. FOLEY and Arthur J. Foley, Jr., Jointly and Severally, Defendants.**

Civ. No. 9567.

United States District Court
N. D. New York.

Aug. 6, 1963.

158

Robert J. Lord, Detroit, Mich., for plaintiff.

Foley, Callanen & Foley, Utica, N. Y., for defendants.

BRENNAN, District Judge.

Through the medium of an order to show cause, the defendants seek a summary judgment dismissing plaintiff's amended complaint.

This action may be termed an offshoot of an action previously brought by the plaintiff against the Oneida National Bank and Trust Company of Central New York. The first claim for relief in the above action requires the determination of plaintiff's claim of ownership of a bank account standing in the names of one Fijalkowski, now deceased, and the plaintiff. The defendant, Arthur J. Foley, is now the executor of the Estate of said Fijalkowski. While probate proceedings were pending, said Foley made claim in behalf of the estate to the ownership of said account. In the course of the above action, the Bank moved before this court to implead said Foley as a defendant in the above action. The motion came on to be heard before this court on March 25, 1963. In the course of the argument of the motion, the defendant, Arthur J. Foley, Jr., one of the attorneys for Arthur J. Foley as Executor, in response to an inquiry by the court stated in substance that plaintiff filed an estate tax return in the Estate of said Fijalkowski, "The facts in the return were, to say the least, false and fraudulent and probably straight perjury".

The present complaint states two claims for relief. The first claim is found in the unnecessarily verbose allegations consisting of some forty paragraphs which in effect charge that the statements of counsel were false and were maliciously made "without cause in slanderous disparagement of plaintiff's title" to the bank account above mentioned. The second claim for relief incorporates by reference the majority of the allegations in the first claim and in addition alleges that the statements, referred to above, made by counsel were false, malicious, slanderous and defamatory of plaintiff's reputation and standing as an attorney. Plaintiff seeks a judgment against the defendants for $55,000. in actual and punitive damages on account of the alleged slander of plaintiff's title to the bank account and $125,000. on account of the damages resulting from the alleged slander as contained in the second claim for relief.

Defendants' motion for summary judgment dismissing the complaint is based

principally upon the contention that the statements made as above set forth are absolutely privileged under New York law. Although plaintiff cites no authority disputing the privilege principle as recognized in New York State decisions, he appears to contend that the privilege is unavailable because the defendants were not necessarily parties to the proceeding and therefore the statements made were not pertinent thereto. The memo submitted by plaintiff's counsel consists solely in quotations from Moore's Federal Practice as to the availability of the summary judgment procedure.

Since the occurrence, referred to in the complaint, took place before the undersigned and with which he was entirely familiar, it was suggested that counsel for the defendants file an additional affidavit accounting for the presence of the defendants and their status in the proceeding at the time thereof. The complaint itself sets forth in some detail the background of the motion of March 25, 1963 so that there are before the court the pleadings and proceedings taken in the action brought by the plaintiff against the Bank, the transcript of the proceedings of March 25, 1963, the complaint in the present cause of action and the affidavits of counsel for both litigants. Brief reference will be made thereto.

Copy of the motion papers, whereby the Bank sought to implead Foley as Executor were served upon the defendant Foley, or were given to him for his information, by the attorneys for the Bank. It may be stated here that the plaintiff and both defendants are practicing attorneys. At the hearing on March 25, 1963, Messrs. Foley, Callanen and Foley appeared upon the return day of the motion in behalf of Arthur J. Foley. No objection was made to such appearance although it may be termed voluntary rather than in response to process. Plaintiff's counsel, who the court understands is the son of the plaintiff, discussed Mr. Foley's status and posed the question "Is Mr. Foley an adverse claimant to this fund?" Shortly after the question was posed, the court in substance requested defendant Foley or his counsel to explain his position. The transcript of the proceeding discloses the circumstances under which the alleged offending statement was made. Same is quoted therefrom as follows:

"(THE COURT:) All right, Mr. Callanen or Mr. Foley, what about this?

"MR. FOLEY: Just to relieve Mr. Lord, we are making claim to these funds. I don't know whether the Court would like some background on this.

"THE COURT: Not too much. Just a little.

"MR FOLEY: The plaintiff in this action is an attorney in Michigan—I believe he is admitted to practice there—and is a relative of the deceased Reverend Fijalkowski in some manner. I don't know what the relationship is right now.

"The whole thing arises out of the joint naming of people on the bank account. There were originally three bank accounts. After the Rev. Fijalkowski died, Mr. Wojcinski went down to Utica at some period of time. I believe it was April 22nd, and filed a tax return, an estate tax return in this estate. The facts in the return were, to say the least, false and fraudulent and probably straight perjury. He did obtain tax waivers which we claim were completely void. He did obtain two of these bank accounts we speak of, and one being in Michigan, of some ten or eleven thousand dollars.

"We want an opportunity to put a counterclaim in here and really fight this thing out all the way through."

We turn first to the propriety of this motion. It is only necessary to cite Moore's Federal Practice, 2d Ed. Vol. 6, pgs. 2046–2050 to conclude that summary judgment may be granted on a defendant's motion where a valid affirmative defense is shown to exist. Federal procedural law would control but New York State decisions would seem to be in accord. Brown v. Mack, 185 Misc. 368, 56 N.Y.S.2d 910.

■ Turning next to the status of Foley as Executor in the proceeding, it would seem that his voluntary appearance therein would make the privilege available to him. Such appearance was recognized without objection by plaintiff's counsel. In fact, said counsel by his argument and questions endeavored to ascertain the executor's position as to the ownership of the account. He must therefore have acquiesced in such appearance. The New York decision in Wels v. Rubin, 254 App.Div. 484, 5 N.Y. S.2d 350, reversed on other grounds, 280 N.Y. 233, 20 N.E.2d 737, indicates that a litigant appearing voluntarily is entitled to the privilege. Foley, as executor, acts as a fiduciary. He was given information as to the pending motion. He had a definite interest in the disposal of his claim in this court because otherwise he would have to go to Detroit, the residence of the plaintiff, to litigate with him any controversy relative thereto. He was bound to act in the interest of those whom he represented. It would therefore seem that it was entirely proper to appear voluntarily especially since it seemed to be the contention of the plaintiff that no claim to the fund had been made by said executor. So long as a voluntary appearance binds a party, it would seem to follow that the immunities applicable to a party or counsel are available.

While the question is raised that the language complained of is not slanderous since same does not charge the plaintiff with filing the alleged false tax return, knowing its falsity, or that he played a personal part in the execution thereof, it is deemed advisable to dispose of the problem upon the basis of privilege although it is true that the slander, if any, must result from innuendoes which may require strained construction of ordinary language. Berkson v. Time, Inc., 8 A.D.2d 352, 187 N.Y. S.2d 849.

It is urged also that the allegation of special damages required to support an action for slander of title is not sufficiently alleged in plaintiff's complaint.

The requirement is discussed in Carroll v. Warner Bros. Pictures, D.C., 20 F. Supp. 405; See also Le Massena v. Storm, 62 App.Div. 150, 70 N.Y.S. 882 and Frawley Chemical Corp. v. A. P. Larson Co., 274 App.Div. 643, 86 N.Y.S. 2d 710. The above decisions appear to support the argument. It is difficult to understand how the value of the bank account has been adversely affected by either the assertion by the executor of a claim of ownership or by the statements made with reference thereto. Again the decision of this contention is unnecessary if we conclude that the statements made were privileged.

■ The question of the absolute privilege of statements made by counsel in the course of a litigation is well defined and recognized in New York law. It gives the right to those taking part in judicial proceedings to speak or write freely as to the subject matter of the litigation providing that the spoken or written word is pertinent thereto. Pertinency is a matter of law to be resolved by the court. "There is no room in such matters for any strict or narrow test". Andrews v. Gardiner, 224 N.Y. 440, at 445, 121 N.E. 341, at 343, 2 A.L.R. 1371. The above decision holds also at page 445 of 224 N.Y., at page 343 of 121 N.E. that "The privilege embraces anything that may possibly be pertinent". We need only to cite such cases as Feldman v. Bernham, 6 A.D.2d 498, 179 N.Y.S.2d 881; Goldwater v. Merchants Importing, Inc., 6 A.D.2d 777, 174 N.Y.S.2d 537; Spieler v. Gottesman, 12 A.D.2d 894, 210 N.Y.S.2d 102; Lefler v. Clark, 247 App.Div. 402, 287 N.Y.S. 476; Inselberg v. Trosty, 190 Misc. 507, 77 N.Y.S.2d 457 and the cases cited therein to conclude that the statements complained of here are entitled to the privilege.

The record is clear that the background of the statement made precludes the conclusion that the statement was injected because of malice or unworthy motives. It must be rememberd that the plaintiff seems to have taken the position that no claim to the bank account was made by

Foley as Executor. The statement was made in response to the court's question and was not volunteered. It related directly to the litigation and seems to be pertinent and relevant thereto which is indicated by plaintiff's failure to cite any decision which would be deemed to hold otherwise. It is sufficient to conclude without further discussion that the defense of privilege is available to the defendants in both causes of action and that a summary judgment dismissing the complaint should be granted, and it is

So ordered.