Charles A. Loreto, J.
This is a suit charging the defendants with slander and libel. The defendants move to dismiss the complaint alleging several causes of action contending that the alleged uttered language was privileged.
There was a suit pending in this court by plaintiff Brill against one Jacobson for assault. Her lawyer in that action is the coplaintiff here. In this complaint it is alleged that on his application in court to restore her assault action to the Preferred Calendar, the opposing attorney Kanner engaged as trial counsel by the remaining defendants in this action, orally declaimed that plaintiff Brill’s assault action was “ a case of blackmail ” and *156 that in his two subsequent affidavits filed in the assault action defendant Kanner stated: “ Our investigation of the plaintiff and her alleged cause of action discloses that this cause of action is nothing short of an attempt to blackmail the defendant. ’ ’
The only question for the court to determine is whether “ It cannot reasonably be said that the words used * * * were not by any possibility pertinent or that they were so clearly impertinent and needlessly defamatory as not to admit of discussion” (People ex rel. Bensky v. Warden of City Prison, 258 N. Y. 55, 60).
The privilege of the utterance in a judicial proceeding is safeguarded if the speaker under the circumstances, believed that the language would have a tendency to move the court’s discretion to grant the relief asked ’ ” (Frank v. Zuch, 240 App. Div. 109, 111, affd. 265 N. Y. 663).
The utterance cannot be said to lack any possibility of pertinency. It is the absolute manner of declaring that the suit utterly lacks merit and is known to the litigant to completely lack any merit and has been instituted for the declared ulterior motive.
Plaintiff Brill’s attorney asserts that these utterances impute unethical and criminal conduct on his part since its effect is to charge him with participating in an attempt to blackmail. In paragraph 10 of the amended complaint plaintiffs allege that the “ words spoken * * * were utterly irrelevant and impertinent to any issue in the aforesaid action”. This is a purely conclusory statement which adds nothing to the prior allegations.
In the uttered words and the context of their use there is no intimation that her attorney knew or had reason to believe that he was representing her in a suit completely devoid of any merit. Wells v. Rubin (280 N. Y. 233) and Union Mut. Life Ins. Co. v. Thomas (83 F. 803) cited by him, are distinguishable in that a specific charge is levelled against the litigant’s attorney in those cases. The motions are granted.