Burke, J. (dissenting).
Plaintiff is entitled to a trial as to whether defendant’s remarks—irrelevant to the request for an adjournment—'Were slanderous.
The relevant discussion at the Bench, as recorded, reads:
" Mr. frost : I want to make a point that this man has been here soliciting. Don’t object to it. I am going to report this to the Bar Association.
“ mr. martirano : You may do that.
‘ ‘ mr. frost : I am going to report this to the Bar Association because this man has just solicited this man’s case in court and I don’t think it’s proper.
" mr. martirano: (Indicating to the Court Reporter:) I want a copy of that record.
“ the court: That’s a harsh statement you made.
“ mr. frost : I saw it with my own eyes and he didn’t know the man prior of that record.”
Indicating that it was ready to proceed, the court asked if he was represented by counsel. Defendant responded, “ Ell bring an attorney.” The case was then adjourned without objection or further comment from defendant.
The serious defamatory charge of unethical, illegal conduct (which according to Lauro’s affidavit was untrue) should not be treated (as the dissenting Justices in the Appellate Division indicate) in a cavalier fashion. By its holding the majority effectively abolishes the rule which protected attorneys from gratuitous calumnious charges. We have heretofore held that an absolute privilege attaches only to statements which are pertinent to the subject matter of the litigation (Andrews v. Gardiner, 224 N. Y. 440; Youmans v. Smith, 153 N. Y. 214; Moore v. Manufacturers' Nat. Bank, 123 N. Y. 420; Marsh v. Ellsworth, 50 N. Y. 309; Garr v. Selden, 4 N. Y. 91). Certainly, *510 defendant’s statement was not pertinent to his complaint that Lauro had uttered a bad check. The only issue to which the charge could possibly relate, therefore, was the adjournment. Careful scrutiny of the facts, however, discloses that defendant did not object to the adjournment. In fact, although the court was ready to proceed, defendant was not. He made no objection, and the adjournment was not in issue. Since defendant’s remarks were not pertinent as a matter of law to an issue in the litigation, they are not covered by the doctrine of absolute privilege.
We recognize, of course, that statements made in a courtroom ought to be liberally construed in favor of pertinence, which is preliminarily a question of law (People ex rel. Bensky v. Warden, 258 N. Y. 55). But as broad as the privilege may have been in the early part of this century and the last part of the last century, it never extended to every insulting statement made in court. The courts indeed have an interest in providing redress for extraneous character assassinations directed against members of the Bar (cf. Rosenblatt v. Baer, 383 U. S. 75, 85). When remarks during judicial proceedings cannot be deemed relevant despite every liberality of interpretation, the absolute privilege is lost (People ex rel. Bensky v. Warden, 258 N. Y., at p. 59; Youmans v. Smith, 153 N. Y., at p. 219).
The majority encourages unwarranted slander by litigants when it states that the administration of justice would be hampered if a litigant spoke at his peril pending a subsequent technical determination of pertinence. It has never been held that a party may blurt out needlessly defamatory remarks against an attorney in anticipation of a subsequent detached reflection to construct an issue to which pertinence may attach. No feat of prestidigitation can transform defendant’s slanderous expression of pique into a material and pertinent part of an unvoiced opposition to plaintiff’s request.
We would only hold that defendant did not have an absolute privilege to make the statements which are the subject of this action and, consequently, was not entitled to summary judgment. A trial ought to be held at which time a jury would determine whether the slanderous statements were pertinent and whether defendant acted in good faith and without malice (White v. Carroll, 42 N. Y. 161).
*511 The order affirming the grant of summary judgment should be reversed and a trial ordered.
Judges Breitbl, Jasen and Gibson concur with Chief Judge Fuld ; Judge Burke dissents and votes to reverse in a separate opinion in which Judges Scileppi and Bergan concur.
Order affirmed.