■    RICHARD W. BARON, Appellant, v. PAMELA S. BARON, Respondent.— Order, entered on June 10, 1966, granting defendant's motion to dismiss the complaint in this action to rescind a separation agreement and declare the nullity of a Mexican divorce, and granting defendant's motion for summary judgment on her first counterclaim, unanimously affirmed, with $50 costs and disbursements to the respondent. A prior motion to dismiss the same complaint in this action had been denied by Mr. Justice AURELIO on June 23, 1965. The motion resulting in this appeal was made about nine months later. It attacked the identical complaint involved in the prior motion and it was made on basically the same grounds and the same facts as the earlier motion. The later motion should have been transferred, in accordance with settled practice, to the Justice of co-ordinate jurisdiction whose order was sought to be changed. (CPLR 2221.) While the failure to comply with this practice does not warrant reversal, we do wish to express our disapproval for the failure of the court below to comply with the settled practice. Concur — Stevens, J. P., Capozzoli, Tilzer and Rabin, JJ.

■    LOUIS ROSENZWEIG, Respondent, v. HAWKINS, DELAFIELD & WOOD, et al., Appellants.— Order entered June 25, 1966, herein appealed from, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motion for summary judgment dismissing the complaint is granted, with $10 costs. The alleged libelous statements were made during the course of prior litigation concerning the disposition of proceeds of a bank account. It does not appear nor are they shown to be manifestly impertinent to the issues then in litigation or beyond the scope of such issues. As such, an absolute privilege attaches (*Seltzer* v. *Fields,* 20 A D 2d 60, affd. 14 N Y 2d 624). Concur — Botein, P. J., Stevens, Rabin and Bastow, JJ.