◼ In the Matter of EDMUND DONNELLY, Petitioner, v. POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.— Determination of respondents dated November 27, 1970, confirmed, without costs and without disbursements, and petition pursuant to article 78 CPLR to review the same dismissed upon the merits. Following a departmental trial, petitioner, an inspector in the Police Depar'ment was found guilty of giving evasive answers in a Grand Jury investigation. ʼʼe find no failure to accord petitioner ѻuʒ process. The sanction imposed is ʋot claimed to be ʋ˟cessive. The basis of the petition is that the charge waʂ not proved, and that petitioner's answers

before the Grand Jury were not evasive. The evidence sought to be elicited concerned meetings and telephone calls between petitioner and a known gambler named Mulligan. At time in his testimony petitioner denied those incidents unequivocally, but when pressed he stated that he had no recollection of the incidents. He conceded that had they taken place he would have remembered them. At the departmental trial he testified that he adopted this form of answer to avoid any possibility of inconsistent answers. While the motive may have been understandable in view of this explanation, it cannot be said that the testimony lacked a basis for the determination. Concur — Markewich, J. P., Kupferman and Steuer, JJ.; Murphy and Tilzer, JJ., dissent in the following memorandum by Tilzer, J.: I believe that as a matter of law the charge of evasiveness was not proven and hence, I dissent and vote to annul the Police Commissioner's determination. Petitioner was called before a Grand Jury investigating police corruption. He was questioned at length concerning events which occurred some 40 months previous, with particular inquiry being made concerning a telephone conversation with a certain known gambler. It was apparently believed that among the participants in that conversation was a certain police captain and that the background voice heard in the recording of the conversation belonged to the petitioner. Subsequent events established that the police captain did not in fact participate in that telephone conversation and he has been acquitted of all charges. Further, it is to be noted that at the departmental hearing on the subject charge against petitioner, there was evidence that the background voice was not his. It appears that while before the Grand Jury petitioner was asked the same questions time and again. Often he responded by prefacing his answers with phrases such as, " I have no recollection ", or, " I don't recall ". Nevertheless, and as found by the hearing officer, " the record reveals unequivocal answers to basically the very same questions that are cited as having occasioned evasive answers." Subsequent to the petitioner's first appearance before the Grand Jury he was served with charges by the respondent. Before any hearing was held however, the Police Commissioner demoted the petitioner and issued a press release which stated that the transcript of petitioner's testimony revealed that he refused to co-operate with, and gave evasive answers to the Grand Jury. At the departmental trial, respondent in effect rested its case on the minutes of the testimony, making specific reference to the answers claimed to be evasive. The Deputy Commissioner, in a thorough report, recommended dismissal of the charges. That report, however, was not forwarded directly to the Police Commissioner but instead, was intercepted by the Deputy Commissioner for Trials. The latter, who was not present at the hearing and had not observed the petitioner when he testified, rendered a separate report recommending that the charges be sustained. As stated initially, I believe that the charges should have been dismissed. The issue involved is not whether there was substantial evidence to support the respondent's determination. Rather, we are presented with a question of law, i.e., whether petitioner's answers were evasive. The law is that where a witness' answers are such, that if false, he would be subject to charges of perjury, evasiveness may not be found. The law in this area was discussed in *People ex rel. Valenti* v. *McCloskey* (6 N Y 2d 390, 403) wherein it was stated: " if the witness directly responds with *unequivocal answers,* which are *clear* enough to subject him to a *perjury indictment,* then he has made a ' bona fide effort to *answer* ' and may not be summarily committed for refusing to answer." That principle of law is particularly applicable here where the testimony shows that petitioner was asked the same questions repeatedly. And as stated above, it appears that in each instance where an answer was given which might be

construed as evasive, at other points in the testimony direct and unequivocal responses were made to the same questions. And under the circumstances of this case, cognizance should be taken of the facts which indicated most strongly that petitioner was not a participant in the events about which he was questioned. In the circumstances here present, petitioner's fears which prompted the manner in which he answered were quite understandable, particularly since the questioning before the Grand Jury was conducted in a highly aggressive and accusatory manner. In all, considering the status of the law as expressed in the *Valenti* case (*supra*) and the highly dubious procedures used by the respondent, the finding of guilt constituted a grave injustice, and the determination should be annulled.