Edward J. Amann, Jr., J.
On September 9, 1974 the claimant, Ogden R. Kitchner, filed a claim against the State of New York alleging: (a) ordinary negligence, gross negligence, and wanton negligence; (b) defamation of character; (c) dereliction of duty (claim No. 58698, par 2).
The claimant moved on March 10, 1975 to amend his claim. The motion was opposed by the State, which cross-moved to dismiss the claim. Both motions were heard on May 6, 1975. At that time the court granted the claimant’s motion and reserved decision on the State’s cross motion.
The gravamina of the amended claim remain the same as set forth in the original claim. They arose from the claimant’s unsuccessful attempt at obtaining unemployment benefits.
*859 Section 626 of the Labor Law provides that: "[t]he procedure herein provided for hearings before referees * * * shall be the sole and exclusive procedure”. The appellate procedure for claims disputes is contained in sections 621 and 624 of the Labor Law. The former section provides for a review of Referees’ decisions by an appeal board; the latter section provides for review of the appeal board’s decision by the Appellate Division of the Supreme Court.
After the adverse determination by the Referee, the claimant followed the appellate procedure hereinbefore noted. On both levels the referee’s decision was affirmed. The claimant, displeased with the results manifested his displeasure by collaterally attacking the decision in the present forum.
In Saffiotti v State of New York (36 AD2d 666), the Appellate Division of the Third Department was called upon to decide whether the Court of Claims had erroneously denied a motion for permission to file a late claim. The claim sought to collaterally attack a determination rendered by a Referee in an unemployment benefit case. The court after holding that the Court of Claims lacked subject matter jurisdiction because the claim had been submitted more than two years from its accrual stated: "[m]oreover, appellant’s exclusive procedure for reviewing the issues he seeks to review lies as set forth in the Labor Law * * * which procedure, we note, he has already fully utilized * * * and, accordingly, he is completely foreclosed from attacking these determinations in the Court of Claims.”
The first two causes of action for negligence and dereliction of duty, though perhaps inartistically drawn, seek the same relief as sought by the claimant in Saíñotti, namely to review and hopefully overturn the Referee’s determination. The court is unable to distinguish the present claim from the one submitted to the court in Saíñotti. Accordingly the court grants the State’s motion to dismiss as to the first two causes of action, to wit, negligence and dereliction of duty.
The remaining cause of action seeks damages for defamation of character. Section 9 of the Court of Claims Act confers jurisdiction upon the Court of Claims to hear and determine claims against the State by its officers or employees for torts committed while acting as officers or employees. Therefore, the court has jurisdiction to hear and determine the claimant’s third cause of action.
The amended claim states that the defamatory publication *860 consisted of the issuance and insertion into public records of the statement "willful misrepresentations to obtain benefits”. The original claim set forth three additional phrases, which the claimant also alleged to have been defamatory. These phrases are "without good cause”, "knowing concealment” and "the making of false statements”. The court will for the purpose of this motion deem them to be included in the amended claim.
While New York courts recognize the defense of absolute privilege for statements made in judicial and quasi-judicial proceedings, they do not recognize an absolute privilege for nonjudicial proceedings. (Andrews v Gardiner, 224 NY 440.) Therefore, the threshold issue is whether or not an unemployment insurance benefit hearing beforé a Referee constitutes a judicial proceeding. While a Referee appointed by a court is unquestionably a quasi-judicial officer, it is not the designation given to the presiding officer that is controlling, but rather the nature of the proceeding. (Abrams v Compton-Richmond Co., 7 Misc 2d 461, affd 5 AD2d 811.) In finding the decision-making procedure of a branch of the Workmen’s Compensation Board to have been judicial in nature the court in Lipton v Friedman (2 Misc 2d 165) set forth the following criteria as guidelines to be used in ascertaining the nature of the proceeding: (1) whether the proceeding was adversarial; (2) whether the decision resulted from an application of appropriate provisions of law to the facts and (3) whether review by appeals to the courts is provided for. Applying these guidelines the court finds that the hearing was judicial in nature. The issue was determined by means of an adversary proceeding, in which appropriate provisions of law were applied to the facts and to which appellate judicial review was applicable. Accordingly, the court finds that the unemployment benefit insurance hearing constituted a quasi-judicial proceeding and the Referee, therefore, is entitled to an absolute privilege for statements published during the hearing and which are pertinent thereto. Since the Unemployment Board passes on the issue of credibility the court further finds that all the statements alleged by the claimant to have been defamatory were pertinent to the issue before the Referee and hence privileged.
Having found that the Referee’s statements were pertinent to the issue of credibility, which was an issue to be determined by the Referee, the court finds that they were published while the Referee acted as an employee of the State. Finding here, *861 as we do, that the State employee was privileged, we also find that the State itself is shielded from liability as well. (Laurence Univ. v State of New York, 41 AD2d 463.) Were the statements published while the Referee was not acting as an employee of the State, they would constitute a personal tort for which the State would not be liable and over which the Court of Claims would have no jurisdiction. (Goodyear Aluminum Prods. v State of New York, 12 AD2d 692; Court of Claims Act, § 9, subd 2.)
Finally, the court must determine whether or not the claim may be dismissed without a trial. The existence of the privilege under circumstances such as those in the instant case presents a question for the court’s determination. (Cheatum v Wehle, 5 NY2d 585.) Where the privilege is an absolute one it may be discerned from the claim itself. (Duffy v Kipers, 26 AD2d 127.) Therefore, if the court finds that the facts set forth in the claim give rise to the defense of absolute privilege, the court may dismiss the claim.
Having previously found the statements to have been both published in the course of a proceeding which was quasi-judicial in nature and pertinent thereto, the court finds them to be absolutely privileged and therefore grants the State’s motion to dismiss.