George HANZIMANOLIS, Plaintiff,

v.

Michael J. CODD, as Police Commissioner of the City of New York, Defendant.

No. 75 Civ. 1011.

United States District Court, S. D. New York.

Nov. 12, 1975.

Samuel Lorenzo, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel, New York City, for defendant; Kathleen Casey, Asst. Corp. Counsel, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a former policeman of the New York City Police Department who was dismissed following a hearing upon specific charges of misconduct, commenced this action against the defendant Police Commissioner to compel his reinstatement. He alleges a claim of deprivation of his constitutional rights under the Civil Rights Act, 42 U.S.C., sections 1983 and 1985, with jurisdiction grounded on 28 U.S.C., sections 1343, 1331 and 1332. The defendant moves pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order dismissing the complaint on the ground that it is barred by the doctrine of res judicata and/or collateral estoppel.

In August 1971 specifications of charges were served upon plaintiff for violation of Police Department Rules and Procedures. He was charged with (1) "moonlighting," (2) wrongfully registering his car in New Jersey using an address other than his own; (3) making false statements during an official homicide investigation; (4) cohabiting with a married female not his wife; and (5) giving evasive answers during an official department interview. After a departmental public hearing before a Deputy Commissioner, at which plaintiff was represented by counsel, the Deputy found plaintiff guilty of charges 1, 2, 4 and 5, and not guilty of charge 3, and recommended plaintiff's dismissal. The Police Commissioner, after a review of the entire record, dismissed plaintiff from the Police Department.

Plaintiff then instituted an Article 78 proceeding in the New York State Supreme Court to review the Police Commissioner's determination. This proceed-

ing was referred to the Appellate Division,[1] which affirmed the determination without opinion on October 9, 1973. Plaintiff then appealed as of right to the New York State Court of Appeals, which dismissed the appeal on January 9, 1974. Plaintiff thereafter sought leave to appeal to the Court of Appeals, but this application was denied by both the Appellate Division and the New York State Court of Appeals, without opinion. Finally, plaintiff petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on November 11, 1974.

Then plaintiff commenced this action, in which he alleges that defendant deprived him of his constitutional rights under the Fifth, Eighth and Fourteenth Amendments. The nub of his constitutional claim, however variously alleged in his complaint, is that the five specifications of charges, four of which, as noted, were upheld by the Hearing Officer, were "minor infractions" of the Police Department Rules; that these charges were used as a "subterfuge, a deception and artificial justification" for his discharge, whereas "in fact [he] was discharged . . . because the Police Department suspected he was involved in the homicide of Dr. Shapiro"; and that "by trying [him] in a Departmental Hearing for the homicide without charging him with the same," the Department deprived him of due process of law.

Plaintiff seeks to support this charge of devious conduct by the police authorities by reference to what he terms a finding by the Hearing Officer that "there is an obvious suspicion that the [plaintiff] was involved in the homicide of Dr. Shapiro, but apparently there is no proof that he was responsible." Seizing upon this language, plaintiff alleges that although he was never charged with the homicide, this was a "specific finding by the Deputy Commissioner . . . finding him 'suspicious' of the death of Dr. Sha-

piro"; further, plaintiff alleges he was in fact tried and found guilty of that homicide, and that this, and not the formal charges, which were upheld, was the real reason for his dismissal.

Plaintiff's interpretation of the language as a specific finding that he was guilty of suspicion, and his allegation that he was found guilty of the homicide distorts the record. There is no finding, as plaintiff alleges, that he was guilty of suspicion or that he was guilty of the homicide. The reference to Dr. Shapiro's death was natural since one of the charges which was upheld was that plaintiff had made a false statement of his relations with Mrs. Shapiro. The statement upon which plaintiff relies is information submitted by the Hearing Officer to the Commissioner and, if anything, tends to exonerate plaintiff of any implication in the homicide. It in no way affects the specific and enumerated findings that petitioner was guilty of charges 1, 2, 4 and 5. Plaintiff's description of the five specifications of violation of Police Department Rules as "minor offenses" is hardly accurate. The giving of false and evasive answers in the course of an official department investigation would be, under New York law, sufficient, in and of itself, to warrant dismissal from the New York City Police Department.[2] However, the court does not pass upon the merits of plaintiff's contentions with respect to his interpretation of what he describes as a finding, or his view that the specifications are "minor offenses."

The question before this court on defendant's motion to dismiss the complaint is whether plaintiff is foreclosed, under the doctrine of res judicata, from relitigating the alleged violation of his constitutional right by his presentation of the same issue before the state courts. A reading of the record of proceedings there compels the conclusion that the very constitutional issues now tendered by

---

1. N.Y.C.P.L.R. § 7804(g).

2. *See Matter of Donnelly v. Police Department*, 40 A.D.2d 649, 336 N.Y.S.2d 508 (1st Dep't 1972).

plaintiff's complaint were at issue there and ruled upon adversely to him.

Our Court of Appeals recently held in *Lombard v. Board of Education* that "where a constitutional issue is actually raised in the state court, as it can be in an Article 78 proceeding . . . the litigant has made his choice and may not have two bites at the cherry."[3] And this is precisely the situation here.

Plaintiff, in an Article 78 proceeding commenced upon his discharge, presented to the Appellate Division, the Court of Appeals, and in his petition for certiorari to the Supreme Court of the United States the very issues alleged in his complaint in this action. Thus the typical claim in each court was:

"THAT BY MAKING A FINDING THAT THE PETITIONER WAS GUILTY OF 'SUSPICION THAT THE RESPONDENT WAS IN-VOLVED IN THE HOMICIDE OF DR. SHAPIRO', ALTHOUGH THE PETITIONER WAS NOT CHARGED WITH SAME, WAS A VIOLATION OF THE PETITIONER'S DUE PRO-CESS RIGHTS OF THE UNITED STATES CONSTITUTION AND NEW YORK STATE CONSTITU-TION"

"THAT THE FINDING OF THE DE-PARTMENT, THAT PETITIONER WAS GUILTY OF 'SUSPICION THAT THE RESPONDENT WAS INVOLVED IN THE HOMICIDE OF DR. SHAPIRO' WAS A FURTHER VIOLATION OF THE PETITION-ER'S DUE PROCESS RIGHTS UN-DER THE UNITED STATES CON-STITUTION AND NEW YORK STATE CONSTITUTION IN THAT MERE 'SUSPICION' DOES NOT AND CANNOT FORM THE BASIS OF AN INFRACTION, OFFENSE OR CRIME."

From the foregoing it is beyond chal-lenge that plaintiff raised and litigated at every stage of his state court proceed-ing the very constitutional issue he now seeks to have adjudicated in this court. He may not relitigate the very same issue in this court by asserting a claim under the Civil Rights Act. As the Court of Appeals stated in *Thistlethwaite v. City of New York*,[4] that Act was not intended by Congress "to foster career litigants." Thus the court there held that when a constitutional question raised under 42 U.S.C., section 1983 has been "at issue and determined against the [plaintiff] in the state action,"[5] it cannot be relitigated in a federal court. To allow the maintenance of this action would not only mean a duplication of the state process, but render the doctrine of res judicata and its counterpart, col-lateral estoppel, meaningless.

The defendant's motion to dismiss the complaint is granted.

3. 502 F.2d 631, 636–37 (2d Cir. 1974).

4. 497 F.2d 339, 342 (2d Cir. 1974).

5. *Id.* 341.