Arnold L. Fein, J.
This is a motion by defendants for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the complaint in this action to recover for alleged libelous statements made by defendant Louis I. Stutman, deputy police commissioner, in a memorandum to the police commissioner issued following a departmental hearing in which Stutman recommended that plaintiff be dismissed from his position with the New York City Police Department.
On August 9, 1971, plaintiff was charged with five specifications of violations of the rules and procedures of the police department, charging that he did "knowingly and wrongfully”: (1) engage in outside employment during the time he was not on duty without written authorization of the police commissioner; (2) register a vehicle in New Jersey from an address at which he did not reside; (3) make false statements during an official homicide investigation being conducted by the New York State police; (4) "cohabit with one, Nina Shapiro, a married female, not his wife” at a designated motel in Elmsford, New York, on September 21, 1970, while lawfully *682 married to another woman; and (5) give evasive answers during an official department interview as to whether plaintiff had registered on September 21, 1970, at the specified motel in Elmsford, New York, under the name of Mr. and Mrs. L. Lewis, and at that motel and other motels using the name L. Lewis, on other occasions.
Following a departmental hearing before defendant Stutman on June 21 and July. 11, 1972, Stutman issued a memorandum on November 8, 1972, containing his findings and recommendations to the police commissioner. Stutman found plaintiff guilty of all specifications except the third, which had charged plaintiff with making false statements during an official homicide investigation. The investigation was in connection with the death of Dr. Sidney Shapiro, the husband of Nina Shapiro, the female with whom plaintiff was cohabiting. On September 21, 1970, Dr. Shapiro was found in his automobile in Westchester County, the victim of a homicide by gunshot. In the course of the memorandum, Stutman stated: "There is an obvious suspicion that the respondent was involved in the homicide of Dr. Shapiro but apparently there is no proof that he was responsible for his death.”
It is this statement on which plaintiff largely relies in this action.
On November 9, 1972, the Police Commissioner of the City of New York issued an order dismissing plaintiff from his employment as a patrolman, adopting and adhering to the recommendations of the deputy police commissioner. Thereupon, plaintiff instituted a CPLR article 78 proceeding in this court, which resulted in an order sustaining the findings and determination of the commissioner. The decision was affirmed by the Appellate Division. (Matter of Hanzimanolis v Murphy, 42 AD2d 1050.) An appeal to the Court of Appeals was thereafter dismissed. (33 NY2d 940.) Leave to appeal to the Court of Appeals was denied by both the Appellate Division and the Court of Appeals. (34 NY2d 516.) A petition for certiorari to the Supreme Court of the United States was denied on November 11, 1974. (Hanzimanolis v Murphy, 419 US 997.)
Subsequent thereto, plaintiff commenced an action against the police commissioner in the United States District Court for the Southern District of New York seeking a judgment directing his reinstatement. He claimed that although he was charged with five minor infractions of the rules, he was *683 actually discharged because the department suspected that he had committed or been involved in the homicide of Dr. Shapiro. He asserted that his dismissal deprived him of his constitutional rights under the Civil Rights Act (US Code, tit 42, §§ 1983, 1985) and of his rights, privileges and immunities secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. The motion of the police commissioner to dismiss the complaint on the ground that the action was barred by res judicata and collateral estoppel was granted by United States District Judge Weinfeld, holding that the issues raised in the Federal action had been previously determined in the article 78 proceeding. (Hanzimanolis v Codd, 404 F Supp 719.) On April 21, 1976, the United States Court of Appeals, Second Circuit affirmed. (538 F2d 309.)
In this defamation action, plaintiff seeks to recover damages for alleged libelous statements published by the defendants. He contends that the tenor of the memorandum and, in particular, that portion setting forth the "obvious suspicion that * * * [he] was involved in the homicide of Dr. Shapiro”, constitutes libel per se, resulting in damage to his reputation and to his professional standing and character. Defendants move to dismiss on the grounds of (1) res judicata, in that the issues were raised in and determined by the prior proceedings between the parties; (2) absolute privilege, in that the statements were privileged, having been made in an official memorandum following an official departmental hearing. Plaintiff denies the privileged nature of the statements, alleging that they were not pertinent to and went beyond the scope of the charges and specifications raised at the hearing.
The law in this State is well settled that statements made in judicial and quasi-judicial proceedings are absolutely privileged. The privilege extends to any matter that might be pertinent to the issues. (Martirano v Frost, 25 NY2d 505; Andrews v Gardiner, 224 NY 440; Wiener v Weintraub, 22 NY2d 330; Rosenzweig v Hawkins, Delafield & Wood, 27 AD2d 723.) As stated in Maritrano v Frost (supra, p 508): "In considering whether a particular statement is 'pertinent’ and, by that token, privileged, we are not limited, as has been urged, to the narrow and technical rules normally applied to determine the admissibility of evidence * * * the statement must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame.”
*684 It is clear that the statement in the memorandum, that there was suspicion that plaintiff was involved in the death of Dr. Shapiro, was pertinent to the issues to be determined at the departmental hearing. The statement, inaccurately designated by plaintiff as a finding, has some relationship to the third specification, charging the making of "false statements during an official homicide investigation”. The investigation referred to was the State police investigation into the death of Dr. Shapiro. The fact that plaintiff was found not guilty on that specification is not dispositive. Moreover, as noted by Judge Weinfeld (404 F Supp 719, 720, supra) , "The statement * * * if anything, tends to exonerate plaintiff of any implication in the homicide.”
Plaintiff has not demonstrated that the statements were not pertinent to the issues or beyond the scope of such issues (Rosenzweig v Hawkins, Delafield & Wood, 27 AD2d 723, supra). The assertion that a determination as to the relevance of the statement is one of fact which must await the trial is without merit. The issue as to the existence of an absolute privilege where a governmental officer acts in connection with his official duties is a matter of law for the court (Cheatum v Wehle, 5 NY2d 585; Duffy v Kipers, 26 AD2d 127; Kitchner v State of New York, 82 Misc 2d 858).
Here, there is an undoubted absolute privilege. The privilege applies to legislative proceedings, judicial proceedings and official reports and communications by or to the executive head of a department of the government. (Hyman v Press Pub. Co., 199 App Div 609.)
Statements made in conjunction with an administrative proceeding have recently been held to be absolutely privileged. (Studley, Inc. v Lefrak, 50 AD2d 162.) The careful opinion in that case holds that statements or communications to a State licensing agency in connection with a license revocation proceeding are to be accorded the same absolute privilege as in judicial proceedings. The quasi-judicial nature of the proceeding and the compelling public interest requiring full disclosure and untrammeled inquiry import the absolute privilege. A lawfully authorized formal departmental investigation with disciplinary consequences including dismissal is a quasi-judicial proceeding. (Andrews v Gardiner, 224 NY 440, supra; Wiener v Weintraub, 22 NY2d 330, supra.) As required, the departmental hearing conducted by defendants was an adversary proceeding, in which plaintiff was represented by counsel. *685 The decision was rendered by application of appropriate provisions of law to the facts and there was a full opportunity for judicial and appellate review, which was had. It partook of all of the elements of a judicial proceeding. The statement was pertinent. Accordingly the hearing officer is entitled to an absolute privilege for all of the statements made and published during the hearing and in his written decision (Kitchner v State of New York, 82 Misc 2d 858, supra).
Accordingly, defendants’ motion pursuant to CPLR 3211 (subd [a], par 7) is granted in all respects and the complaint is dismissed.