**Massie v. LaPorte**

*Spero T. Lappas*, for plaintiff.
*Ronald E. Johnson*, for defendant.

SHUGHART, *S.J.*, July 27, 1983 — This is a defamation case that arose out of the dismissal of Roxie Massie from her job as a waitress at a Carlisle restaurant in December 1981. After her dismissal Massie filed for unemployment compensation benefits at the Pennsylvania Office of Employment Security. That office found Massie eligible for benefits on February 3, 1982. Later that same month, Massie's former employers, defendants Nancy and Vincent LaPorte, filed an appeal to the decision granting unemployment benefits. The petition of appeal filed by defendants contained an accusation that Massie had stolen money from the restaurant while on the job.

The instant defamation action is Massie's response to the LaPorte's accusation that she stole from them. Defendants filed a preliminary objection in the nature of a demurrer to Massie's amended complaint on December 8, 1982. Defendants argue that the complaint is fatally defective in two respects. First, they claim that the alleged defamatory statements enjoy the protection of an absolute privilege. Second, they argue that no publication of defamatory matter occurred.

Pennsylvania law protects parties to judicial proceedings from tort liability for defamatory statements. Kemper v. Fort, 219 Pa. 85, 67 Atl. 991 (1907). This privilege applies to all parts of a judicial proceeding including statements contained in a pleading as long as the statements are relevant and pertinent. Greenburg v. Aetna Insurance Company, 427 Pa. 511, 235 A.2d 576 (1967). The privilege is absolute and protection is affored even when a party maliciously publishes defamatory matter knowing of its falsity. Binder v. Triangle Publications, Inc., 442 Pa. 319, 275 A.2d 53 (1971); Barto v. Felix, 250 Pa. Super. 262, 378 A.2d 927 (1977).

Defendants attempt to shield the statements contained in their petition appealing the decision of the Bureau of Employment Security under the same privilege accorded to statements made in the pleadings filed in a judicial proceeding. Whether they can do depends on the character of the proceedings initiated by the petition of appeal. It is logical that proceedings before administrative agencies should enjoy an absolute privilege when they are quasi-judicial in character. The policy behind the legal principle of absolute privilege for statements made in the course of a judicial proceeding lies in the fear that the threat of civil liability for such statements will discourage potential litigants from coming to court. The same policy concern applies in quasi-judicial administrative proceedings. The appellate courts of a number of our sister states have so held.* Unfortunately, Pennsylvania lacks appellate case law in this area. Specifically we could find

---

*Rainer's Dairies, v. Raritan Valley Farms, 19 N.J. 552, 117 A.2d 889 (1955), Robertson v. Industrial Insurance Co., 70 So. 2d 198 (Fla. 1954); White v. United Mills Co., 240 Mo. App. 443, 208 S.W. 2d 803 (1948).

no Pennsylvania appellate case holding that appeals from determinations of the Bureau of Employment Security are imbued with the same absolute privilege accorded to judicial proceedings. Counsel for both sides discussed the case of Wagner v. Bell, 70 D. & C. 411 (1949), a common pleas decision, in their briefs. In that case, the plaintiff filed a defamation action based on statements his former employer made in an administrative proceeding to determine plaintiff's eligibility for unemployment compensation. The court held the employer's statements absolutely privileged. Defendants argue that Wagner is directly on point. Plaintiff attempts to distinguish that case on the grounds that in Wagner the employer's statements were in response to inquiries from the Bureau of Employment Security; whereas, in the instant case statements were voluntarily offered by the defendants in support of their appeal of the Bureau's determination. We think that plaintiff reads Wagner too narrowly. The distinction pointed out by the plaintiff exists, but we do not find it to be a meaningful one. Rather, we believe Wagner is on point and supports the defendant's position.

We decline simple reliance on Wagner; however, our own independent analysis supports its holding. The question for determination is whether the proceeding commenced by defendants' petition for review was judicial in character. To aid resolution of this question, we adopt the three part formula utilized by the New York Court of Claims in Kitchner v. State, 82 Misc. 2d 858, 371 N.Y.S. 2d 91 (1975), to decide the same issue we face today. In that case the court set forth the following "guidelines to be used in ascertaining the nature of the proceeding: (1) whether the proceeding was adversarial; (2) whether the decision resulted from an application of appropriate provisions of law to the facts; and (3)

whether review by appeals to the courts is provided for." Id. at ___, 371 N.Y.S. 2d at 94.

The procedure governing proceedings before the Bureau of Employment Security is set forth in title 43 of Purdon's Statutes, See Unemployment Compensation Law of Dec. 5, 1936, P.L. 2897, art. 1, §2. as amended, 43 P.S. §751 et seq. That procedure provides for a preliminary determination by the Bureau 43 P.S. §763, §821, that may be appealed, initially to a referee, 43 P.S. §822. The petition of appeal filed by the defendants in this case was, in effect, a request that a referee reivew the initial determination that plaintiff should receive compensation. 43 P.S. §822 provides that

"The referee shall, after affording the parties and the department reasonable opportunity for a fair hearing affirm, modify, or reverse . . . the determination . . . of the department as to him shall appear just and proper."

The "fair hearing" contemplated in section 822 is undoubtedly adversarial in nature. The legislature charges the referee, much like a trial judge, with the responsibility to reach a decision by applying the law to the facts. Appeal is provided first to the Unemployment Compensation Board of Review, 43 P.S. §824, and eventually to Commonwealth Court, See the Judicial Code of July 9, 1976, as amended, 42 Pa. C.S.A. §763 (replacing 43 P.S. §830.1 which was repealed December 20, 1982).

The proceedings outlined above are similar to judicial proceedings. Each of the three characteristics of judicial proceedings set forth in the Kitchner case can be found in proceedings before the Bureau of Employment Security. We find these proceedings quasi-judicial in nature. As such, precedent requires that they receive the same protection of absolute privilege accorded to judicial proceedings.

Plaintiff makes a persuasive argument that the policy of preserving free and uninhibited access to the courts would be well served by affording only a qualified privilege to statements made in judicial proceedings. An absolute privilege serves only to protect the malicious liar, it is argued. These are not individuals whom we should encourage to come to our courts. A qualified privilege would protect those litigants who make false statements in good faith but not those who knowingly publish an untruthful and defamatory remark.

The rule of absolute privilege is firmly established in this Commonwealth. Kemper v. Fort, supra. Any reexamination of the rule must be undertaken by our appellate courts because the doctrine of stare decisis dictates our decision in this case. Furthermore, we see no principled basis on which to distinguish quasi-judicial proceedings from judicial proceedings in order to grant only a qualified privilege in the former while retaining the rule of absolute privilege for the latter.

This case may properly be disposed of at the demurrer stage since the absolute privilege for the defendants' statements appears on the face of the plaintiff's complaint. DeSantis v. Swigart, 296 Pa. Super. 283, 442 A.2d 770 (1982). We do not reach the issue of whether publication of the alleged defamatory statements occurred.

## ORDER OF COURT

And now, July 27, 1983, for the reasons appearing in the opinion filed this date, the preliminary objection in the nature of a demurrer to the amended complaint is sustained.